# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **STUART J. REILLY,**<br><br>　　　　**Plaintiff,**<br><br>**vs.**<br><br>**CHARLES M. BREWER Ltd. PROFIT SHARING PLAN and TRUST,** *et al.,*<br><br>　　　　**Defendants.** | **Case No. 2-06-cv-02861 JWS**<br><br>**[Re: Motions at Dockets 5 & 7]**<br><br>**ORDER AND OPINION** |

## I.  MOTIONS PRESENTED

Stuart J. Reilly, an attorney representing himself, filed a lawsuit against the defendant retirement plans on November 28, 2006, which was served on Charles M. Brewer on March 29, 2007.[1]  The defendants moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), on April 17, 2007, Mr. Reilly responded on May 17, 2007, and the defendants filed their reply on May 25, 2007.[2]  In June, the judge originally assigned having recused, the case was re-assigned to this court.

At docket 7, defendants ask the court to take judicial notice of materials relating to an earlier lawsuit filed by plaintiff against the same defendants.  Mr. Reilly has not opposed that request.  The request will be granted.  The court hereby takes notice of the materials.[3]

---

[1]  *See* Docket Nos. 1, 20.

[2]  *See* Docket Nos. 5, 16, 17.

[3]  The materials are found at Docket No. 7.

## II.  BACKGROUND

After the dismissal of his previous case against the same defendants, Stuart J. Reilly again sues those defendants over retirement benefits and for breach of fiduciary duty.[4] Defendants contend that the doctrine of res judicata prevents these claims from being litigated.  They also assert that this case must be dismissed because service was effected 121 days after filing the complaint, instead of within the required 120 days.

## III.  STANDARD OF REVIEW

A motion to dismiss for failure to state a claim made pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint.  In reviewing a Rule 12(b)(6) motion to dismiss, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party."[5]  The court is not required to accept every conclusion asserted in the complaint as true, rather the court "will examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff."[6] A claim should only be dismissed if "it appears beyond doubt that a plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[7]  A dismissal for failure to state a claim can be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[8]

---

[4]  *See Stuart J. Reilly v. Charles M. Brewer, Ltd.  Profit Sharing Plan & Trust, Charles M. Brewer, Ltd. Restated Pension Plan and Charles M. Brewer*, Case No. 2-02-cv-02218; *see id.* at Docket No. 302 at 14, August 31, 2007, Findings of Fact and Conclusions of Law, & Docket No. 303 at 1, Judgment ("Defendants are not liable to Plaintiff for any further unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B).").

[5]  *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1997).

[6]  *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992) (quoting *Brian Clewer, Inc. v. Pan American World Airways, Inc.,* 674 F.Supp. 782, 785 (C.D.Cal. 1986)).

[7]  *Vignolo,* 120 F.3d at 1077.

[8]  *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

DISMISSAL

## IV.  DISCUSSION

**Service Within 120 Days**

The Court will not dismiss this complaint for being served one day late.  The defendants are correct that Federal Rule 4(m) requires service of the summons and complaint to be made upon a defendant within 120 days after the filing of the complaint.  However, the Rule also provides that the complaint will be dismissed "after notice to the plaintiff."  Here, there appears to be no notice that the complaint was in danger of dismissal.  Further, the complaint was given to a process server several days before service was successful, after the process server attempted several times in the previous days to effect service.[9]  Whether Mr. Reilly deliberately waited until the eleventh hour to effect service in order to unduly burden the defendants (who are responding to a  Ninth Circuit appeal in the previous Reilly case), as the defendants contend,[10] and whether Mr. Reilly was avoiding service, as Mr. Reilly contends,[11] are only conjecture.

**Res Judicata**

Res judicata is a "well-established doctrine ... conceived in the light of the maxim that the interest of the state requires that there be an end to litigation – a maxim which comports with common sense as well as public policy.[12]  In *Stewart v. U.S. Bancorp*,[13] an ERISA case involving the issue of res judicata, the Ninth Circuit found not only that res judicata applied, but that "the Plaintiffs are barred from litigating any claims they raised **or could have raised** in *Stewart I*."[14]  The Ninth Circuit even stated that, "[o]nce the district court recharacterized the Plaintiffs' [removed] claims as federal, it became the Plaintiffs'

---

[9]  *See* Docket No. 16, attachment.

[10]  *See* Case No. 2:02-cv-2218, Docket No. 327, March 26, 2007, Appellant's Brief by Stuart J. Reilly.

[11]  *See* Docket No. 5 at 21; Docket No. 6 at 2-3; Docket No. 16 at 3, 5, & exhibit.

[12]  *Federated Dep't Stores v. Moite*, 452 U.S. 394, 401-02 (1981) (citation omitted).

[13]  297 F.3d 953 (9th Cir. 2002).

[14]  *Stewart*, 297 F.3d at 959 (emphasis added).

DISMISSAL

burden to amend their complaint to survive U.S. Bancorp's motion to dismiss. Plaintiffs were on notice that their claims were preempted by ERISA, and they did not seek leave to amend or dismiss 'without prejudice.' Leave would have been freely granted pursuant to Federal Rule of Civil Procedure 15."  Furthermore, "Plaintiffs could have stated an ERISA claim in their initial complaint, or the complaint could have been amended to include an ERISA claim. There was no initial bar to the district court's considering an ERISA claim except Plaintiffs' failure to raise it."[15]

Likewise, Mr. Reilly's complaint is barred by the doctrine of res judicata.  Both his past and present cases were brought under 29 U.S.C 1132(a)(3), against the Charles M. Brewer, Ltd. Profit Sharing and Trust (Profit Sharing Plan), into which the Restated Pension Plan (Pension Plan) was merged, and the Charles M. Brewer, Ltd., Money Purchase Plan and Trust (Money Purchase Plan).[16]  Mr. Reilly alleged, in both cases, that he was an employee of Charles M. Brewer, Ltd. (Brewer, Ltd.) from June 1977 to February 1993, and was a fully vested participant in the relevant plans.[17]  In both cases, Mr. Reilly alleged that Charles M. Brewer was the Trustee and Plan Administrator of the plans.[18]  Likewise, in both cases, Mr. Reilly alleged that he terminated his employment with Brewer, Ltd. in February, 1993.[19]

Other allegations made by Mr. Reilly in both cases are that, on November 13, 2000, the Profit Sharing Plan was amended, effective Nov. 1, 2000, to provide for early distribution of benefits to terminated employees with a scheduled distribution of benefits on November 29, 2000.[20]  Mr. Reilly received a net distribution from the merged plans of

---

[15]  *Id.*

[16]  *See* Docket 1 at 1 (¶ I),  2 (¶¶ II, III, IV); Docket 7-2 at 36 (¶ I), 37 (¶¶ II, III), 39 (¶ XVI). The Profit Sharing Plan and Trust was converted into a money purchase pension plan & renamed the Charles M. Brewter, Ltd. Money Purchase Plan and Trust. *See* Docket 1 at 2 (¶ V); Docket No. 5 at 13, n. 9.

[17]  *See* Docket No. 1 at 2 (¶ VIII); Docket No. 7-2 at 37 (¶ V).

[18]  *See* Docket No. 1 at 2 (¶ VI); Docket No 7-2 at 37 (¶ IV).

[19]  *See* Docket No. 1 at 3 (¶ IX); Docket No. 7-2 at 38 (¶ XII).

[20]  *See* Docket No. 1 at 3 (¶ X); Docket No. 7-2 at 40 (¶ XXI).

DISMISSAL

$3,882.89.[21] Mr. Reilly alleges that he demanded, from the Trustee (Charles Brewer), full distribution of benefits he earned under the Pension Plan on May 22, 2001.[22] On September 28, 2001, Mr. Reilly's claim was denied.[23] In both cases, Mr. Reilly requested an independent audit of the plans, and in both cases, he requested money he claimed was due him.[24]

In both cases Mr. Reilly brought his action under 29 U.S.C. § 1109, for breach of fiduciary duty.[25] Mr. Reilly alleged that Charles M. Brewer was the trustee of the relevant plans, who breached his fiduciary duty under 29 U.S.C. § 1002(21)(A), when he improperly allowed a merger, consolidation, or transfer of assets with a defined benefit plan, in violation of Art. 13.05 of the Profit Sharing Plan documents.[26] Mr. Reilly alleged that Mr. Brewer's personal interest was so great that his fiduciary duty created a gross conflict of interest, requiring the temporary or permanent removal of Mr. Brewer as fiduciary.[27] On this claim, Mr. Reilly also requested an independent audit.[28]  The major difference between the two cases is that Mr. Reilly raised issues regarding the defined benefit component of the benefit distribution in his first case,[29] and he raises the defined contribution component of that distribution now.[30] He could, of course, have raised that matter in the first case.

---

[21]  *See* Docket No. 1 at 3 (¶  XII); Docket No. 7-2 at 40 (¶ XXII), 41 (¶  XXIII).

[22]  *See* Docket No. 1 at 3 (¶ XV); Docket No. 7-2 at 41 (¶ XXIX).

[23]  *See* Docket No. 1 at 4 (¶  XVI); Docket No. 7-2 at 42 (¶  XXX).

[24]  See Docket No. 1 at 4 (¶¶ 1, 2); Docket No. 7-2 at 42 (¶  ¶ 1 &2), 49 (¶ 2).

[25]  *See* Docket No. 1 at 4 (¶ I); Docket No. 7-2 at 42 (¶ I).

[26]  *See* Docket No. 1 at 4 (¶ 2), 5 (¶ III); Dkt 7-2 at 39-40 (¶ XVII) 42 (¶ 2), 46 (¶ XII).

[27]  *See* Docket No. 1 at 5 (¶ VII), 6 (¶ 1); Docket No. 7-2 at 49 (¶ ¶  XXIV, 1).

[28]  *See* Docket No. 1 at 6 (¶ 2); Docket No. 7-2 at 49 (¶ 2).

[29]  *See* Docket no. 7-2 at 40-42.

[30]  *See* Docket No. 1 at 3.

DISMISSAL

Mr. Reilly cites only one case in support of his contention that only issues which were actually litigated and decided are barred,[31] and the small portion of that case, quoted in his opposition, does not accurately reflect the current law on this issue.[32] The court finds the law cited by the defendants on this issue to be persuasive.[33] It is abundantly clear that any other claims Mr. Reilly wished to raise regarding the relevant plans and any monies due (whether they involved the defined benefit component of the distribution, as litigated in the earlier case, or the defined contribution component of the distribution, as raised here), and/or any grounds for an independent audit, or the removal of Charles Brewer as trustee of the plans, could have been made in the previous lawsuit, which has been decided by this court and is now on appeal.

## V.  CONCLUSION

The request for judicial notice at docket 7 is **GRANTED**.  The motion at docket 5 to dismiss is **GRANTED** based on res judicata.

---

[31] *See Commissioner v. Sunnen*, 333 U.S. 591 (1948).

[32] *See, e.g.,San Remo Hotel v. San Francisco,* 545 U.S. 323, 336 n.16 ("Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.") (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)); *Migra v. Warren City School District,* 465 U.S. 75, 85-86 (1984) (res judicata applies to federal civil rights claim that could have been, but was not, raised in state court civil rights proceedings); *Montana v. U.S.* 440 U.S. 147, 154 (1979) ("To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions."); *Adams v. California Dept. of Health Services*, 487 F.3d 684 (9th Cir. 2007) ("the additional evidentiary detail surrounding Echard's and Baker's comments in the Oaktree Investigations report 'is scarcely enough to establish that the instant lawsuit arises out of a different "transactional nucleus of facts" than that which generated the [first] suit.'") (quoting *Constantini v. Trans World Airlines*, 681 F.2d 1199, 1202 (9th Cir. 1982)).

[33] *See* Docket Nos. 5, 17; *see also Headwaters, Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1052 (9th Cir. 2005) ("(1) [W]hether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. The last of these criteria is the most important.").

DISMISSAL

DATED this 13th day of November 2007 at Anchorage, Alaska.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

DISMISSAL